Filed 6/26/26

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HUGO JOSE LUA,<br><br>    Defendant and Appellant. | E084432<br><br>(Super.Ct.No. FVA701383)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County. Mary E. Fuller, Judge. Affirmed.

Elisa A. Brandes, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance W. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Stephanie H. Chow, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Hugo Jose Lua appeals from an order resentencing him under Penal Code section 1172.75.[1] Defendant contends the resentencing court erred by reimposing his original, upper term sentence on the principal count based on aggravating factors neither admitted nor found true beyond a reasonable doubt in violation of the Sixth Amendment. Defendant further contends that because the court relied on additional aggravated facts to justify reimposition of the original upper term sentence, a stipulation or jury finding on those additional aggravated facts must be proven beyond a reasonable doubt.

We conclude that section 1172.75, subdivision (d)(4) (§ 1172.75(d)(4)), creates an exception permitting resentencing courts to reimpose the original upper term sentence without a stipulation or a jury finding of aggravated circumstances. We further conclude that where the original upper term sentence is reimposed pursuant to the exception under § 1172.75(d)(4), the resentencing court's consideration of additional or different aggravated factors does not trigger factfinding requirements. Moreover, we conclude that there is no Sixth Amendment violation where defendant's original upper term sentence was imposed under the 2007 version of section 1170, subdivision (b), that provided trial courts broad discretionary power to impose any term within the sentencing triad.

## I. BACKGROUND

The People charged defendant with two counts of carjacking (§ 215, subd. (a); counts 1 & 2) and one count of recklessly evading an officer (§ 2800.2, subd. (a);

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

count 3). The People also alleged one prior strike conviction (§ 667, subds. (b)-(i)), a prior serious felony conviction (§ 667, subd. (a)(1)), and three prison priors (§ 667.5, subd. (b)). On May 22, 2008, a jury found defendant guilty of counts one and two. After a court trial held on the same date, the court struck one prison prior and found true the remaining allegations.

In June 2008, the court sentenced defendant to 28 years and four months in state prison, including 18 years for carjacking in count one (upper term of nine years, doubled by operation of the prior strike), plus three years and four months for carjacking in count two (one third of the middle term of 60 months, doubled by operation of the prior strike), two years for the two prison priors, and five years for the prior serious felony conviction.

In support of the upper term for count one, the court considered the following aggravating factors: (1) the crime involved threat of bodily harm; (2) long history of violent conduct; (3) numerous prior convictions as an adult increasing in seriousness; (4) commission of the crime while on parole; and (5) prior unsatisfactory performance on parole.[2]

In 2022, defendant became eligible for resentencing pursuant to section 1172.75. At a hearing in May 2022, the court granted defendant's petition pursuant to section 1170.1 and struck the two prison priors. The abstract of judgment was amended accordingly to reflect an aggregate sentence of 26 years and four months in state prison. At a resentencing hearing in August 2024, the court dismissed the five-year prior serious

---

[2] The trial court's rationale in imposing the upper term at sentencing is taken from this Court's opinion in *People v. Lua* (April 3, 2009, E046053) [nonpub. opn.].

felony conviction and reimposed the remaining sentence for an aggregate term of 21 years and four months in state prison, which included the upper term sentence of nine years for carjacking in count one.

In reimposing the upper term sentence for count one, the sentencing court agreed with the People's argument that "under the plain language of Penal Code [s]ection 1172.75, [] the requirement that factors in aggravation be proved beyond a reasonable doubt by a jury, the Court, or by stipulation, is waived in cases where the aggravated term was previously imposed, as it was in this particular case." Nevertheless, the court noted seven aggravating circumstances under California Rules of Court, rule 4.421, five of which were the same as those found by the original sentencing court, including (1) the crime involved a threat of great bodily injury; (2) particularly vulnerable victim; (3) violent conduct indicating serious danger to society; (4) numerous prior convictions of increasing seriousness; (5) two prior prison sentences; (6) commission of the crime while on parole; and (7) unsatisfactory parole performance. The court then concluded that the aggravating circumstances substantially outweighed the mitigating circumstances.

## II.    DISCUSSION

Defendant contends the court imposed the upper term sentence without a stipulation or a jury verdict to support the aggravating factors as required under the recent amendments to section 1170. As we explain, where defendant was originally sentenced to the upper term, pursuant to § 1172.75(d)(4), additional factfinding is not required to reimpose the upper term sentence. This is so, even where the trial court considers

4

additional or different aggravating factors to reimpose the upper term sentence at resentencing. The Sixth Amendment is also not implicated in this case as defendant's original upper term sentence was imposed under the sentencing law that conformed with *Apprendi* and the Sixth Amendment. Finding no error, defendant's alternative claim of ineffective assistance of counsel necessarily fails.

## A.    Resentencing under Section 1172.75

Section 1172.75 retroactively invalidates prison prior enhancements (former § 667.5, subd. (b)) for non-sexually violent offenses imposed prior to January 1, 2020, and requires the recall and resentencing of defendants whose judgments include those invalidated prison priors. (§ 1172.75, subds. (a), (c).) Section 1172.75 also directs the resentencing court to "apply any other changes in law that reduce sentences" (*id*., subd. (d)(2)), consider various postconviction factors and evidence affecting the need for continued incarceration (*id*., subd. (d)(3)), and impose a sentence no greater than originally imposed "unless there is clear and convincing evidence that imposing a lesser sentence would endanger public safety" (*id*., subd. (d)(1)).

In a resentencing proceeding under section 1172.75, we review the court's sentencing decisions for abuse of discretion. (*People v. Mathis* (2025) 111 Cal.App.5th 359, 366, review granted Aug. 13, 2025, S291628 (*Mathis*); *People v. Dozier* (2025) 116 Cal.App.5th 700,709, review granted Feb. 11, 2026, S294597 (*Dozier*); *People v. Garcia* (2024) 101 Cal.App.5th 848, 855-856; *People v. Moseley* (2024) 105 Cal.App.5th 870, 874.) However, questions of law involving statutory interpretation are reviewed de

novo.  (*People v. Superior Court (Guevara)* (2025) 18 Cal.5th 838, 856; *Mathis*, *supra*, at p. 366; *People v. Braden* (2023) 14 Cal.5th 791, 804.)

**B.        Reimposition of the Original Upper Term and Sixth Amendment**

Effective January 1, 2022, Senate Bill No. 567 amended section 1170, subdivision (b), to make the middle term the presumptive determinate sentence.  (*People v. Lynch* (2024) 16 Cal.5th 730, 742 (*Lynch*).)  Section 1170, subdivision (b)(2), permits imposing the upper term "only when there are circumstances in aggravation of the crime that justify the imposition of a term . . . exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (§ 1170, subd. (b)(2).)

Critically, section § 1172.75(d)(4) provides:

"*Unless the court originally imposed the upper term*, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (§ 1172.75 (d)(4), italics added.)

Our appellate courts have addressed the meaning of this provision in connection with the new factfinding requirement in section 1170.  Parties urge this Court to follow

their respective positions based on the presently divided interpretations by the Courts of Appeal. Our Supreme Court is currently reviewing these divided interpretations in *People v. Eaton* (Mar. 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903.

Defendant urges this Court to follow *People v. Gonzalez* (2024) 107 Cal.App.5th 312 (*Gonzalez*) for the proposition that § 1172.75(d)(4) should be read as a *restriction* and not an *exemption*, such that only those who previously received the upper term where the aggravated factors were stipulated to or were proven beyond a reasonable doubt to the trier of fact can receive the upper term at resentencing. *Gonzalez* is the only published opinion thus far endorsing this interpretation with which we disagree.

We agree with the majority of the cases that construe § 1172.75(d)(4) as an exemption or exception permitting resentencing courts to reimpose the original upper term sentences without a stipulation or a jury finding of aggravated circumstances. (*Dozier*, *supra*, 116 Cal.App.5th at p. 713; *Mathis*, *supra*, 111 Cal.App.5th at pp. 373-374; *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 458 (*Brannon-Thompson*).) As such, the factfinding requirements in § 1172.75(d)(4) "apply only if the trial court is imposing the upper term for the first time at a section 1172.75 resentencing." (*Brannon-Thompson*, *supra*, at pp. 466-467.)

A fundamental task in interpreting statutes " ' " 'is to determine the Legislature's intent so as to effectuate the law's purpose.' " ' " (*People v. Gonzalez* (2017) 2 Cal.5th 1138, 1141.) If the words in the statute are unambiguous, " 'we presume the Legislature

7

meant what it said, and the statute's plain meaning governs.' " (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 837–838; *People v. Cody* (2023) 92 Cal.App.5th 87, 101.)

The first clause of § 1172.75(d)(4)—"Unless the court originally imposed the upper term"—provides a clear and unambiguous exception to the second clause requirement that aggravated facts be stipulated or proven for imposition of upper term sentences at resentencing. (*Mathis*, *supra*, 111 Cal.App.5th at p. 374; *Brannon-Thompson*, *supra*, 104 Cal.App.5th at pp. 466–467.) The *Gonzalez* court "acknowledge[d] that the plain language of section 1172.75, subdivision (d)(4), on its face, could be interpreted as not requiring proof of aggravating factors before reimposing an upper term sentence," yet concluded otherwise. (*Gonzalez*, *supra*, 107 Cal.App.5th at pp. 328-329.) We join the cases in line with *Dozier, Mathis,* and *Brannon-Thompson* and conclude that § 1172.75(d)(4) clearly and unambiguously expresses "the Legislature's intent that the new, heightened factfinding requirements for aggravating factors do not apply where the defendant was originally, lawfully sentenced to an upper term." (*Mathis*, at p. 374.)

Moreover, we agree with the *Mathis* court that the Sixth Amendment is not implicated here. In the original section 1170, subdivision (b), the Legislature established the Determinate Sentencing Law (DSL) creating a low, middle, and upper term sentencing triad. (*People v. Lynch* (2024) 16 Cal.5th 730, 746 (*Lynch*).) The middle term was the presumptive term, and effectively the statutory maximum, but a judge was

8

authorized to impose the upper term based on aggravating factors proven by a preponderance of the evidence. (See *Ibid.*; *Mathis*, *supra*, 111 Cal.App.5th at p. 370.)

The United States Supreme Court in *Cunningham v. California* (2007) 549 U.S. 270 (*Cunningham*), however, held that such a sentencing scheme violated the Sixth Amendment because *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*), required aggravating factors to be treated as an element that must be proven by a jury beyond a reasonable doubt. (See *Cunningham*, *supra*, 549 U.S. at pp. 274-275, 281; *Lynch*, *supra*, 16 Cal.5th at p. 747; *Mathis, supra,* 111 Cal.App.5th at pp. 370-371.) *Cunningham* then provided the Legislature with two alternatives to remedy this constitutional defect and to conform with *Apprendi* by either changing the DSL to require a jury finding of aggravating facts beyond a reasonable doubt or changing the sentencing laws to allow judges to exercise broad discretion within a statutory range. (See *Cunningham*,. at pp. 293-294; *Lynch*, at p. 747; *Mathis*, at pp. 370-371.)

In response, the Legislature opted for the second alternative in *Cunningham* and amended section 1170, subdivision (b), to provide trial courts "broad discretion" to impose any term within the triad based on interests of justice. (*Lynch*, *supra*, 16 Cal.5th at p. 747; *Mathis*, *supra*, 111 Cal.App.5th at p. 371.) This statutory scheme, effective 2007 until the end of 2021, was one that " 'everyone agrees,' encounters no Sixth Amendment shoal" because imposition of upper term sentences was authorized without any additional factfinding. (See *Cunningham*, *supra*, 549 U.S. at pp. 293-294; *Lynch*, pp. 747-748; *Mathis*, at pp. 371, 373-374.) Defendant here was originally sentenced in 2008

9

to the upper term under the 2007 version of section 1170, subdivision (b), that provided trial courts with "broad discretion" to choose any of the prison terms in the triad without additional factfinding to justify the upper term. Thus, defendant's original upper term sentence was in conformity with *Apprendi* and in full compliance with the Sixth Amendment.

Defendant nevertheless argues he is entitled to be resentenced under the current section 1170, subdivision (b)(1) requiring findings of aggravated factors beyond a reasonable doubt, but this argument effectively ignores the clear and unambiguous exception provided in § 1172.75(d)(4) as discussed.

Defendant also argues that because the resentencing court relied on additional factors at resentencing to support the upper term, pursuant to *Lynch*, those factors should be subject to factual findings beyond a reasonable doubt. Defendant, however, overlooks the procedural posture of this case; this case is an appeal from a resentencing hearing pursuant to section 1172.75, not a direct appeal from an original sentencing hearing as was the case in *Lynch*. (See *Lynch, supra,* 16 Cal.5th at p. 745.) Pursuant to the exception provided in § 1172.75(d)(4) that apply to section 1172.75 resentencing hearings, it is of no consequence that the trial court revisited or considered additional aggravating factors at resentencing because an upper term sentence was already imposed at the original sentencing in comport with the Sixth Amendment. We see no abuse of discretion here.

Given the plain language of § 1172.75(d)(4), there was no sound legal basis for trial counsel to object to the court's reimposition of the upper term sentence. (*Brannon-Thompson*, *supra*, 104 Cal.App.5th at p. 466.) Because we reject defendant's claim of error, his claim of ineffective assistance of counsel necessarily fails.

### III. DISPOSITION

The judgment is affirmed.

CERTIFIED FOR PUBLICATION

<u>LEE</u>
J.

We concur:

<u>RAMIREZ</u>
P. J.
<u>RAPHAEL</u>
J.